UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

Lee Tucker,                         :
        Plaintiff,                  :
                                    :
        v.                          :   File No. 1:07-CV-271
                                    :
Transcor America, LLC,              :
Bill Brees, John Does,              :
        Defendants.                 :

            MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
                             (Paper 7)

    Plaintiff Lee Tucker, a Vermont inmate proceeding *pro se*, brings this action claiming that he suffered physical abuse while being transported to an out-of-state prison facility. His legal claims allege violations of the Americans with Disabilities Act ("ADA") and the Eighth Amendment. Defendants Transportation Corporation of America ("TransCor") and Bill Brees have moved to dismiss for failure to state a claim and improper venue.

    The Court notes that a potential class action, involving over 70 Vermont inmates, is pending against TransCor in the United States District Court for the Middle District of Tennessee. See Myers v. Transcor America, 2008 WL 570947 (D. Vt. Feb. 28, 2008) (transferring action to Tennessee). That case involves

the alleged mistreatment of Vermont inmates while being transported out of state. Because Tucker's allegations have significant overlap with the Tennessee litigation, the Court should consider not only the arguments presented by the movants, but also the question of whether Tucker's transport-related claims should be litigated in Tennessee. Indeed, for the reasons set forth below, I recommend that the defendants' motion to dismiss be GRANTED with respect to the question of venue, and that the case be TRANSFERRED to the United States District Court for the Middle District of Tennessee.

## Factual Background

For purposes of the pending motion, the facts alleged in Tucker's complaint will be accepted as true. At all times relevant to this case, Tucker has been a prisoner in the custody of the Vermont DOC. The DOC contracts with Corrections Corporation of America to house some of its prisoners in private, out-of-state facilities. Transport to those facilities is carried out by TransCor.[1]

---

[1] Although the complaint does not specify the role of defendant Bill Brees in this case, the defendants inform the Court that Brees used to work for TransCor.

On July 1, 2006, Tucker was taken from his cell in Springfield, Vermont and placed in the custody of TransCor guards for the purpose of out-of-state transport. These guards restrained him by means of shackles and a device known as a "black box."[2] At some point in the transport, Tucker complained that the black box was causing him pain. Although the pain was so severe that it caused him to cry, his complaints were ignored.

The complaint alleges that after Tucker's wrists had swollen to the point that the cuffs were cutting his skin, he begged the TransCor guard to loosen them. The guard "laughed at me, and said I am not in Vermont anymore and CCA has a different way to deal with yankees." (Paper 4 at 15). Tucker claims that he "endured such horrible pain for such a long period that my head throbbed in pain with a horrible burning headache. I have never [experienced] such cruel inhuman treatment in my l[i]fe. It was truly a bus ride from hell." Id.

---

[2] The black box has been described as a mechanism "applied over the chain and lock area of conventional handcuffs to form a rigid link between the two wristlets." Moody v. Proctor, 986 F.2d 239, 240 n.3 (8th Cir. 1993).

3

Case 3:08-cv-01035   Document 10   Filed 09/12/08   Page 3 of 10 PageID #: 109

Discussion

I.  Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  To survive dismissal, a complaint must plead enough facts to be plausible on its face.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  If a plaintiff is proceeding *pro se*, courts are to construe the complaint and other pleadings liberally.  See, e.g., Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999).

II.  Venue

Defendants TransCor and Brees argue that venue in Vermont is improper, and have therefore moved, as an alternative to dismissal under Rule 12(b)(6), for dismissal or transfer pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).  Prior to determining proper venue, a court may not reach the merits of the case.  See Joyner v. Reno, 466 F. Supp. 2d 31, 40 (D.D.C. 2006).

4

Therefore, the Court will first assess the defendants' venue argument.

When a case is commenced in an improper venue, Section 1406(a) requires the court to either dismiss it or, "if it be in the interest of justice," transfer the case to a district in which it could have been brought. 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). "On a Rule 12(b)(3) motion to dismiss based on improper venue, the burden of showing that venue in the forum is proper falls on the plaintiff." Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001).

In cases such as this involving questions of federal law, venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see also Amaker v. Haponik, 198 F.R.D. 386, 391 (S.D.N.Y. 2000). Tucker also claims diversity jurisdiction. In that event, the controlling statute is 28 U.S.C. § 1391(a), which provides that venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In this case, TransCor is a private corporation headquartered in Nashville, Tennessee. The remaining defendants are alleged to be Tennessee residents. Accordingly, pursuant to § 1391(a)(1) and (b)(1), venue is proper in that state.

Subsection two of each statute determines venue based upon where "a substantial part of the events or omissions giving rise to the events occurred . . . ." 28 U.S.C. § 1391(a)(2), (b)(2). The Second Circuit has instructed lower courts to "take seriously the adjective

'substantial'" in construing "the venue statute strictly." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005). In this case, TransCor is alleged to be liable for exhibiting deliberate indifference to Tucker's needs. (Paper 11-2 at 17-18).[3] Although the complaint does not allege that TransCor had knowledge of the plaintiff's suffering, any such knowledge and resulting indifference would have occurred, at the corporate level, in Tennessee.

With respect to the John Doe defendants, the complaint depicts pain and suffering during various transports, some of which commenced or ended in Vermont. The Second Circuit has held that "substantiality" is "more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." Daniel v. United States, 428 F.3d 408, 432-33 (2d Cir. 2005). On a quantitative level, the vast majority of the plaintiff's travel in TransCor vehicles took place outside of Vermont. With

---

[3] There are no specific "causes of action" brought against defendant Brees.

7

respect to the more significant qualitative analysis, the claims focus on a Tennessee company, its employees, and their allegedly malicious conduct.  While Tucker is from Vermont, the crux of his complaint involves out-of-state actors and, for the most part, out-of-state events.  Consequently, the Court should find that Vermont was not the site of "substantial" events in this case, and that venue here is improper.

Because this action could have been brought in Tennessee, subsection (3) of § 1391(a) and (b) is inapplicable.  <u>See</u> Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3802.1 n. 26 (Supp. 2003) (citing <u>F.S. Photo, Inc. v. Picturevision, Inc.</u>, 48 F. Supp. 2d 442, 448 (D. Del. 1999)).

Having determined that venue is most appropriate in Tennessee, the Court must decide whether the case should be dismissed, or whether the interests of justice call for a transfer.  "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."  <u>Daniel v. American Bd. of Emergency Medicine</u>, 428 F.3d 408, 435 (2d Cir. 2005) (citation omitted).  In making this determination,

consideration should be given to the ultimate goal of the "expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heinman, 369 U.S. 463, 466-67 (1962).

One issue in this case is the fact that there is a potential class action pending in the Middle District of Tennessee. The Tennessee litigation was brought by four Vermont inmates, and over seventy others have moved to join the case. When this Court transferred that action to Tennessee, a motion for class certification was pending.

Regardless of whether a class is certified, the interests of judicial economy and administration strongly favor having the same court preside over all cases involving TransCor's treatment of Vermont prisoners. If this case is transferred to Tennessee, the federal court there may determine whether the two cases should be consolidated in order to avoid inconsistencies. Assuming no consolidation, the Tennessee court could still manage overlapping discovery to the extent that testimony or documents produced may be relevant to both cases. Therefore, rather than

recommending dismissal, I recommend that this case be TRANSFERRED to the Middle District of Tennessee.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 7) be GRANTED with respect to the issue of improper venue, and that this case be TRANSFERRED to the United States District Court for the Middle District of Tennessee.

Dated at Burlington, in the District of Vermont, this 12th day of September, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).